Steven T. Lovett, OSB No. 910701
stlovett@stoel.com
Kassim M. Ferris, OSB No. 965260
kmferris@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LEUPOLD & STEVENS, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.S. OPTICS, INC. a California corporation,<br><br>Defendant. | Case No. 3:14-cv-00727-AC<br><br>AMENDED COMPLAINT FOR DECLARATORY JUDGMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Leupold & Stevens, Inc. ("Leupold"), hereby alleges, by and through its attorneys, as follows:

**NATURE OF THE ACTION**

1. This action is based on the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. By this action, Leupold seeks a declaratory judgment of patent non-infringement and

invalidity under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and other relief set forth below.

**THE PARTIES**

2. Leupold is a corporation organized and existing under the laws of the State of Oregon and has its principal place of business at 1440 NW Greenbrier Parkway, Beaverton, Oregon 97006.

3. On information and belief, defendant U.S. Optics, Inc. ("U.S. Optics") is a corporation organized and existing under the laws of the State of California and has its principal place of business at 150 Arovista Circle, Brea, California 92821. U.S. Optics conducts business in this judicial district related to the acts complained of below.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over the subject matter of this action pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions relating to patents, 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over U.S. Optics because U.S. Optics' contacts with the State of Oregon have been substantial and the exercise of personal jurisdiction over U.S. Optics is fair, reasonable, and consistent with due process.

6. U.S. Optics has purposely availed itself of the laws of the State of Oregon by doing business, selling its products, and attempting to enforce the patent-in-suit in the state.

7. Upon information and belief, U.S. Optics has engaged in continuous and systematic contacts with Oregon and purposefully availed itself of this forum by, among other things, shipping, using, offering to sell or selling, or causing others to use, offer to sell, or sell,

U.S. Optics products in this Judicial District, including products covered by the patent-in-suit, and deriving substantial revenue from such activities.

8. U.S. Optics promotes its products and services in Oregon through direct and indirect marketing and by maintaining an interactive website designed to solicit customers from Oregon. On information and belief, it ships products, including products covered by the patent-in-suit, to retailers and end users in Oregon. On information and belief, Oregon retailers, including SimFire, Inc. d/b/a Blackwater Tactical, sell products covered by the patent-in-suit to customers in Oregon. Further, on information and belief, U.S. Optics uses a regional distributor, RSR Group, Inc., to sell its products, including products covered by the patent-in-suit, to customers in Oregon. Finally, according to U.S. Optics' website, it has appointed Out on the Range of Yamhill, Oregon as an authorized dealer for U.S. Optics products including, on information and belief, products covered by the patent-in-suit, and provides a telephone number prefaced with the (503) area code to encourage Oregon residents to contact its Oregon dealer.

9. U.S. Optics maintains an active contractual relationship with Leupold, at U.S. Optics' request, as a licensee of a Leupold patent. U.S. Optics has also directed multiple communications to Leupold in Oregon threatening to assert patent infringement claims against Leupold, demanding that Leupold cease and desist from making and selling the accused infringing products in Oregon and elsewhere, and offering a license under the patent-in-suit.

10. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c).

**EXISTENCE OF ACTUAL CASE AND CONTROVERSY**

11. Leupold makes, uses, and sells riflescopes with various types of adjustment knobs, among other products.

12. U.S. Optics claims that it is the owner by assignment of United States Patent No. 7,415,791 ("the '791 patent") entitled *Rifle Scope with Adjustment Knob having Multiple Detent Forces*, which issued on August 26, 2008 ("the patent-in-suit"). A true and correct copy of the patent-in-suit is attached hereto as Exhibit A.

13. By letter dated March 3, 2014, U.S. Optics' counsel, Mr. Bennet K. Langlotz, wrote to Leupold's in-house paralegal, Ms. Mikael Crowther, contending that Leupold's Mark 6 and Mark 8 riflescopes with the model M5B2 adjustment knob option infringe the '791 patent. On March 19, 2014, Ms. Crowther sent an email to Mr. John Williams at U.S. Optics denying the infringement allegations in Mr. Langlotz's letter. That same day, Ms. Crowther received a response from Mr. Langlotz reiterating U.S. Optics' belief that the model M5B2 adjustment knob infringes the '791 patent and asking Leupold to either enter into a license agreement or immediately discontinue the allegedly infringing design. On April 26, 2014, Mr. Langlotz sent a follow-up email to Ms. Crowther threatening further action unless the matter was resolved. A true and correct copy of Mr. Langlotz's letter dated March 3, 2014 is attached hereto as Exhibit B.

14. The parties have been unable to resolve the matter.

15. As a result of U.S. Optics' continuing threat of patent enforcement and the looming threat of what may befall Leupold if it does not acquiesce to U.S. Optics' demands, Leupold has suffered and will continue to suffer irreparable harm and economic injury. There is a substantial and justiciable controversy between Leupold and U.S. Optics as to whether any products made, used, sold, or offered for sale by Leupold infringe any claim of the patent-in-suit, and whether the patent-in-suit is valid.

**COUNT I**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

16. Leupold reasserts and incorporates by reference the allegations in the above paragraphs as though fully set forth in the following separate cause of action.

**United States Patent No. 7,415,791**

17. Leupold has not made, used, sold, offered for sale, or imported into the United States any product that infringes any valid claim of the '791 patent.

18. Leupold has not provided, sold or supplied any non-staple article or component of a patented invention specially adapted to practice an invention that infringes any valid claim of the '791 patent.

19. Leupold has not taught, aided or abetted others in practicing an invention that infringes any valid claim of the '791 patent.

20. Leupold has not infringed — directly, contributorily, or by inducement — any valid claim of the '791 patent.

**COUNT II**

**DECLARATORY JUDGMENT OF PATENT INVALIDITY**

21. Leupold reasserts and incorporates by reference the allegations in the above paragraphs as though fully set forth in the following separate cause of action.

**United States Patent No. 7,415,791**

22. On information and belief, the applicant of the '791 patent failed to comply with the provisions of 35 U.S.C. §§ 102, 103, and 112 (pre-AIA) and/or the corresponding regulations set forth in Title 37 of the Code of Federal Regulations, rendering the claims of the '791 patent invalid.

## PRAYER FOR RELIEF

WHEREFORE, Leupold respectfully prays for:

A. entry of declaratory judgment that the claims of the '791 patent are not infringed;

B. entry of declaratory judgment that the claims of the '791 patent are invalid;

C. entry of a preliminary and/or permanent injunction enjoining U.S. Optics (and its directors, officers, agents, servants, employees, attorneys, and those in active concert or participation with it) from making statements, implications, threats, or claims against Leupold (or its customers, agents, employees, or users of Leupold's products) based on alleged infringement of the patent-in-suit.

D. recovery of attorneys' fees and costs as allowed by governing statute, rule, and other legal authority; and

E. such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Leupold demands a trial by jury as to all issues so triable.

DATED: September 22, 2014.

STOEL RIVES LLP

s/ Steven T. Lovett
STEVEN T. LOVETT
OSB No. 910701
KASSIM M. FERRIS
OSB No. 965260
Telephone: (503) 224-3380

Attorneys for Plaintiff, Leupold & Stevens, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - DEMAND FOR JURY TRIAL** on the following named person on the date indicated below by

☒ mailing with postage prepaid

☐ hand delivery

☐ facsimile transmission

☐ overnight delivery

☒ email

☒ notice of electronic filing using the Cm/ECF system

to said persons a true copy thereof, contained in a sealed envelope, addressed to said persons at his or her last-known addresses indicated below.

William B. Nash
Haynes and Boone
2323 Victory Avenue, Suite 700
Dallas, TX 75219

Bennett K. Langlotz
Langlotz Patent & Trademark Works, Inc.
PO Box 96503 #37585
Washington, DC 20090-6503

Stephen J. Joncus
Klarquist Sparkman, LLP
One World Trade Center
121 SW Salmon Street, Suite 1600
Portland, OR 97204

Attorneys for Defendant U.S. Optics, Inc.

DATED: September 22, 2014.

STOEL RIVES LLP

s/ Steven T. Lovett
STEVEN T. LOVETT
OSB No. 910701
Telephone: (503)-224-3380

Attorneys for Plaintiff Leupold & Stevens, Inc.