Stephen J. Joncus, OSB #013072
Email: stephen.joncus@klarquist.com
Klarquist Sparkman, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
503-595-5300 phone
503-595-5301 fax

William B. Nash (*pro hac vice*)
Email: bill.nash@haynesboone.com
Jason W. Whitney (*pro hac vice*)
Email: jason.whitney@haynesboone.com
Haynes and Boone, LLP
112 E. Pecan Street, Suite 1200
San Antonio, TX 78205
Telephone: 210.978.7000
Facsimile: 210.978.7450

Attorneys for Defendant U.S. Optics, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LEUPOLD & STEVENS, INC.**, an Oregon corporation,<br><br>                          Plaintiff,<br><br>       v.<br><br>**U.S. OPTICS, INC.**, a California corporation,<br><br>                          Defendant. | Case No.: 3:14-cv-00727-AC<br><br>Defendant U.S. Optics, Inc.'s<br>REPLY IN SUPPORT OF ITS MOTION<br>TO DISMISS |

# I.
# INTRODUCTION

Plaintiff Leupold's Opposition to Defendant U.S. Optics, Inc.'s Motion to Dismiss (the "Opposition") leaves no doubt that the Amended Complaint's allegations are insufficient to support the exercise of personal jurisdiction over U.S. Optics this case. First, Leupold does not even attempt to argue that U.S. Optics has sufficient contacts with Oregon to support the exercise of general jurisdiction. Second, rather than relying on the Amended Complaint's allegations to show that the exercise of specific jurisdiction is proper, Leupold changes course and asserts new factual allegations in two declarations attached to Leupold's Opposition as the basis for specific jurisdiction. Assuming *arguendo* these belated allegations can be considered in evaluating specific jurisdiction, Leupold nevertheless fails to show a prima facie basis for exercising specific jurisdiction under applicable Federal Circuit case law. Consequently, the Court should dismiss this suit for lack of personal jurisdiction as requested in U.S. Optics' Motion to Dismiss.

# II.
# ARGUMENT

### A.    There Is No Basis for Exercising General Jurisdiction

As explained in the Motion to Dismiss, the exercise of general jurisdiction over U.S. Optics is not proper, and Leupold does not contend otherwise. As such, general jurisdiction is not at issue in this case.

### B.    Leupold's New Allegations Do Not Establish a Basis for Exercising Specific Jurisdiction

Leupold does not dispute that the Federal Circuit authorities cited in the Motion to Dismiss should, as applied to the Amended Complaint, result in dismissal of the present suit. Instead, Leupold attempts to avoid dismissal by asserting new factual allegations in the Opposition as the basis for its specific jurisdiction arguments. In particular, Leupold asserts (1)

that "U.S. Optics engaged *outside counsel, a third party*, to enforce its patent rights in Oregon" and (2) that "RSR Group, Inc., a regional distributor, is the *exclusive distributor* of U.S. Optics products in Oregon." (Docket no. 20, at 4 (emphasis added).)

These allegations of "outside counsel" and an "exclusive distributor" were not made in the Amended Complaint. Instead, they appeared for the first time in two declarations attached to the Opposition. (*See* docket no. 20, ex. B ¶ 3 (stating that "outside counsel for U.S. Optics . . . wrote to Leupold"); docket no. 20, ex. A ¶ 3 (stating "[u]pon information and belief" that "RSR Group, Inc. . . . is the exclusive distributor of U.S. Optics products in Oregon").) Importantly, these allegations were not made to controvert evidence or affidavits proffered by U.S. Optics, or to provide explicit factual support for allegations made in the Amended Complaint. Instead, Leupold made its new allegations in a questionable attempt to bolster and expand the Amended Complaint to remedy the evident jurisdictional deficiencies.

Leupold should have included its new allegations in the Amended Complaint, particularly after U.S. Optics previously conferred and identified the personal jurisdictional deficiencies in Leupold's original Complaint. (*See* Docket no. 12, at 3.) This would have allowed U.S. Optics an opportunity to submit evidence rebutting the expanded allegations by Leupold.[1] Nevertheless, even assuming Leupold's belated allegations are properly considered, those allegations still fail to demonstrate a prima facie basis for exercising specific jurisdiction as explained below.

### 1. The Allegations About Communications from Outside Counsel Are Insufficient to Establish Specific Jurisdiction

Leupold argues that if a patentee uses outside counsel to contact potential infringers, the outside counsel's communications are sufficient to establish specific personal jurisdiction. But

---

[1] In particular, U.S. Optics denies the existence of an exclusive distribution agreement as asserted by Leupold.

the case law demonstrates the opposite—that outside counsel can generally call, email, and send letters to potential infringers without giving rise to personal jurisdiction. *See, e.g.*, *Radio Systems Corp. v. Accession, Inc.*, 638 F.3d 785, 788, 793 (Fed. Cir. 2011) (holding that an outside patent counsel's calls, emails, and letters to the declaratory judgment plaintiff "were insufficient to give the court personal jurisdiction over [the patentee]"). In fact, the Federal Circuit has found that engaging outside counsel for communications creates personal jurisdiction only where the outside counsel is an attorney *in the forum state where the communications are directed*. *See Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (finding specific jurisdiction proper where the patentee hired a California attorney to communicate with the California-based plaintiff on the patentee's behalf).

In this case, there has been no allegation that U.S. Optics' outside counsel, Bennet Langlotz, is an Oregon attorney. This comes as no surprise since Leupold is fully aware that Mr. Langlotz is not an Oregon attorney. For example, the Certificate of Service for Leupold's Opposition addresses a copy to Mr. Langlotz in Washington, D.C. (Docket no. 20, at 7.) Accordingly, Leupold's allegation relating to U.S. Optics' use of outside counsel is insufficient to demonstrate specific jurisdiction over U.S. Optics.

    **2.    The Allegation of an "Exclusive Distributor" in Oregon Is Insufficient to Establish Specific Jurisdiction**

In a second line of argument, Leupold contends that specific jurisdiction is established in this case based on the Opposition's allegation of U.S. Optics having an exclusive distributor in Oregon. However, the Federal Circuit has repeatedly emphasized that, for a distribution agreement to support specific jurisdiction for patent declaratory judgment actions, the agreement must not only be exclusive and include the patented product, it must also confer rights analogous to the grant of a patent license. *E.g.*, *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d

1324, 1334 (Fed. Cir. 2008) (noting that jurisdiction was proper "over a patentee who 'contracted with [an *exclusive* distributor] to sell [the] patented products in [the forum State]' where the agreement was '*analogous to a grant of a patent license*'" (emphasis and alterations in original)); *accord Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1019 (Fed. Cir. 2009) (same).

In other words, even if an exclusive relationship exists, and even if the relationship encompasses a patented product, those facts alone are insufficient to support the exercise of personal jurisdiction. Instead, Federal Circuit "case law ***requires*** that the . . . agreement contemplate a relationship ***beyond royalty or cross-licensing payment***, such as granting both parties the right to litigate infringement cases or granting the licensor the right to exercise control over the licensee's sales or marketing activities." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1366 (Fed. Cir. 2006) (emphasis added). Thus, for example, specific personal jurisdiction was found to exist where the exclusive agreement "granted [the distributor] the right to sue for patent infringement with [the patentee]'s written consent, and the parties agreed to 'discuss in good faith the appropriate action, if any, with respect to third party infringers of the Licensed Patents, and to cooperate reasonably in any enforcement actions." *Id.* at 1366-67.

Here, the Declaration of Howard Werth merely asserts that "RSR Group, Inc. . . . is the exclusive distributor of U.S. Optics products in Oregon." (Docket no. 20, ex. A ¶ 3.) There is no allegation that U.S. Optics controls RSR's sales or marketing, or that U.S. Optics granted RSR the right to sue for infringement, or that RSR possesses any other sort of right "beyond royalty or cross-licensing payment." *See Breckenridge*, 444 F.3d at 1366. In short, there are no allegations that RSR has an exclusive relationship beyond simply receiving payment for distributing U.S.

Defendant's Reply in Support of Its Motion to Dismiss
5

Optics' products. Accordingly, Leupold's allegation relating to an exclusive distributor is insufficient to demonstrate specific jurisdiction over U.S. Optics.

### C. Leupold Has Not Carried Its Burden of Demonstrating a Basis for Specific Jurisdiction

Finally, to the extent the last section of Leupold's Opposition suggests that the Court can deny U.S. Optics' Motion to Dismiss regardless of whether Leupold has demonstrated a basis for specific jurisdiction, this is simply not true. Under Federal Circuit law, the declaratory judgment plaintiff bears the initial burden of demonstrating a defendant's minimum contacts with the forum state. *E.g.*, *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018-19 (Fed. Cir. 2009). As in this case, where the plaintiff fails to satisfy its burden of showing activity that supports the exercise of personal jurisdiction, the suit should be dismissed.

## III.
## Conclusion

General jurisdiction is not at issue in this case, and the new allegations in Leupold's Opposition do not the exercise of specific jurisdiction over U.S. Optics. As such, the Court should dismiss the Amended Complaint for lack of personal.

DATED this 10th day of November, 2014.

    */s Jason W. Whitney*
    Stephen J. Joncus, OSB #013072
    Email: stephen.joncus@klarquist.com
    Klarquist Sparkman, LLP
    121 S.W. Salmon Street, Suite 1600
    Portland, Oregon 97204
    503-595-5300 phone
    503-595-5301 fax

    William B. Nash (*pro hac vice*)
    Email: bill.nash@haynesboone.com
    Jason W. Whitney (*pro hac vice*)
    Email: jason.whitney@haynesboone.com
    Haynes and Boone, LLP

        112 E. Pecan Street, Suite 1200
        San Antonio, TX 78205
        Telephone: 210.978.7000
        Facsimile: 210.978.7450

**CERTIFICATE OF SERVICE**

      I hereby certify that I served a true and accurate copy of the foregoing Defendant U.S. Optics, Inc.'s REPLY IN SUPPORT OF ITS MOTION TO DISMISS on the following named persons on the date indicated below by notice of electronic filing using the CM/ECF system:

    Steven T. Lovett, OSB No. 910701
    stlovett@stoel.com
    Kassim M. Ferris, OSB No. 965260
    kmferris@stoel.com
    STOEL RIVES LLP
    900 SW Fifth Avenue, Suite 2600 Portland, OR 97204
    Telephone: (503) 224-3380
    Facsimile: (503) 220-2480

                */s Jason W. Whitney*
                Jason W. Whitney