UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LEUPOLD & STEVENS, INC,

        Plaintiff,

v.

U.S. OPTICS, INC.

        Defendant.

No. 3:14-cv-00727-AC

FINDINGS AND RECOMMENDATIONS

Judge ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff, Leupold & Stevens, Inc. ("LSI"), an Oregon corporation, seeks a declaratory judgment of patent non-infringement and invalidity against defendant, U.S. Optics, Inc. ("U.S. Optics"), a California corporation. The case is before the court because U.S. Optics filed a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). For the

FINDINGS &RECOMMENDATIONS    1    [AMC]

reasons stated below, the court should grant the motion.

*Factual Background*

LSI is a business organized under Oregon law with its principal place of business in Oregon. (Compl. at 2.) Among its many products, LSI manufactures and sells riflescopes with various adjustment knobs. (Compl. at 3.) Two of these products are LSI's Mark 6 and Mark 8 riflescopes, both of which feature a model M5B2 adjustment knob option. (Compl. at 4.)

U.S. Optics, a corporation organized under California law with its principal place of business in California, also makes and sells riflescopes. (Compl. at 2, 4.) On March 3, 2014, U.S. Optics's counsel wrote a letter to LSI claiming that LSI's Mark 6 and Mark 7 models infringe upon a U.S. Optics patent. (Compl. at 4.) LSI denied the infringement allegations by email. (Compl. at 4.) U.S. Optics replied with a request that LSI either enter into a license agreement or immediately discontinue producing the two models. (Compl. at 4.) Approximately one month later, U.S. Optics's counsel sent another email threatening legal action if the matter was not resolved. (Compl. at 4.)

U.S. Optics ships products, including the patented product at issue, to retailers and to direct customers in Oregon. (Compl. at 3.) It also uses a regional distributor to sell products to customers in Oregon. (Compl. at 3.) Additionally, U.S. Optics has an interactive website on which it identifies an entity in Yamhill, Oregon as an authorized dealer of its products. (Compl. at 3.) From about January 2011 through August 2014, U.S. Optics's sales in Oregon amounted to approximately $16,500 per year, less than one percent of its total sales. (Mot. to Dismiss at Ex. A).[1]

---

[1] While the court must construe all conflicting statements in favor of the plaintiff, only U.S. Optics provided a specific percentage and dollar amount regarding its sales in Oregon. Because the statement is not controverted and is otherwise admissible, the court accepts the

*Choice of Law and Legal Standard*

Because personal jurisdiction in a declaratory action for patent non-infringement and invalidity is "intimately related to patent law," federal law as interpreted by the Federal Circuit Court of Appeals governs this action. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006); *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003).

Rule 12(b)(2) requires the court to dismiss a case when it lacks personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). Where a defendant moves to dismiss an action under 12(b)(2) before discovery, the plaintiff must allege facts to support a prima facie showing to overcome the motion. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1282 (Fed. Cir. 2005). In the absence of an evidentiary hearing, the plaintiff need only provide affidavits and other written materials to satisfy this burden. *Coyle*, 340 F.3d at 1349. A court must accept all uncontroverted allegations in the complaint as true. *Id.* However, the plaintiff cannot rely on unsupported allegations to defeat the motion. *See Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1295 (Fed. Cir. 2012) (determining a district court properly concluded plaintiff's unsupported statements and lack of information regarding defendant's contacts and profits were insufficient to show personal jurisdiction). The court must resolve conflicting statements in the affidavits in the plaintiff's favor. *Coyle*, 340 F.3d at 1349.

*Discussion*

As established by *International Shoe*, there are two types of personal jurisdiction: general, or "all-purpose," jurisdiction, and specific jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746, 751, 754 (2014). General jurisdiction is fundamentally established by a defendant's principal place of

---

statement.

FINDINGS &RECOMMENDATIONS       3       [AMC]

business and place of incorporation. *Id.* at 760. A court also has general jurisdiction over an out-of-state defendant when the defendant has certain minimum contacts with the forum and jurisdiction would comport with fair play and substantial justice. *Id.* at 754. With general jurisdiction, the contacts need not relate to the claim at issue. *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008); *Coyle*, 340 F.3d at 1349. Specific jurisdiction is established where a claim "arise[s] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Specific jurisdiction concerns the relationship among the defendant, the forum, and the litigation. *Daimler*, 134 S. Ct. at 758.

In this case, the court has neither general nor specific jurisdiction over the defendants. The court lacks general jurisdiction because the defendant is not incorporated in Oregon or have its principal place of business in Oregon, and it does not have the necessary minimum contacts in Oregon to subject it to litigation in the state. The court also lacks specific jurisdiction because the defendant's activity in the forum state does not relate to the patent non-infringement and invalidity claims at hand.

I. General Jurisdiction

When a corporation neither is incorporated in the forum nor has its principal place of business in the forum, a court must examine the defendant's contacts with the forum to determine if it has general jurisdiction. *See Daimler*, 134 S. Ct. at 760-61 (discussing "that a corporation may [not only] be subject to general jurisdiction . . . in a forum where it is incorporated or has its principal place of business . . . ."). In that instance, a court has general jurisdiction if the defendant has substantial "continuous corporate operations" in the forum that justify subjecting it to litigation with claims that do not arise from those operations. *Daimler*, 134 S. Ct. at 754 (quoting *Int'l Shoe Co.*

*v. Wash.*, 325 U.S. 310, 318 (1945)) (internal quotation marks omitted). In patent infringement litigation, general jurisdiction is established where the defendant has contacts that are so continuous and systematic as to render the defendant essentially at home in the forum state. *Daimler*, 134 S. Ct. at 761; *Avocent*, 552 F.3d at 1331. These contacts create general jurisdiction regardless of whether they relate to the cause of action. *Avocent*, 552 F.3d at 1332; *Coyle*, 340 F.3d at 1349.

When proving the contacts necessary for general jurisdiction, the plaintiff bears a high burden. *Avocent*, 552 F.3d at 1330. A corporation's "continuous activity of some sorts" in the forum state is insufficient to subject the corporation to general jurisdiction. *Daimler*, 134 S. Ct. at 757 (quoting *Int'l Shoe*, 325 U.S. at 318) (internal quotation marks omitted). Even "sizable sales" are insufficient to establish general jurisdiction. *See Daimler*, 134 S. Ct. at 761-62 (determining California did not have general jurisdiction over a foreign corporation that had California-based facilities, was the largest supplier of luxury vehicles in California, and made over ten percent of its new-vehicle sales in the United States in California).

Here, the court does not have general jurisdiction over the defendant. U.S. Optics is neither incorporated in Oregon nor does it have its principal place of business in Oregon. Additionally, LSI has not shown that U.S. Optics has substantial continuous corporate operations in Oregon. In *Daimler*, the Supreme Court determined that ten percent of a foreign corporation's total sales did not establish California's general jurisdiction over a defendant. These sales did not create jurisdiction even when combined with the corporation's California-based facilities and its position as largest supplier of luxury vehicles in the state; these contacts with the state were not sufficiently continuous and systematic to establish general jurisdiction. While U.S. Optics sells its products to Oregon retailers and direct customers, its Oregon sales amount to only about $16,500 per year, less than one

percent of its total sales. It has no facility based in Oregon and is not the top seller of riflescopes in the state. U.S. Optics's contacts with Oregon fall far short of the contacts the *Daimler* court found insufficient to establish general jurisdiction. Therefore, they do not amount to continuous and systematic contacts that would render U.S. Optics "at home" in Oregon.

LSI also highlights U.S. Optics's interactive website that allows the defendant to solicit customers from Oregon. While the website is accessible to Oregon residents, "the ability of [a forum state's] residents to access the defendant['s] website[] . . . does not by itself show any persistent course of conduct by the defendant[] in [the forum state]." *Trintec*, 395 F.3d at 1281 (quoting *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C.Cir. 2000)) (fourth alteration in original) (internal quotation marks omitted). However, "[s]ome cases have suggested that the availability and use of a highly interactive, transaction-oriented website . . . by itself may support long-arm jurisdiction wherever the site is available to potential customers for the purpose of doing business." *Trintec*, 395 F.3d at 1281.

Although U.S. Optics's website identifies an authorized dealer and the dealer's Oregon telephone number, this website is not directed specifically at Oregon customers. Instead, it targets customers throughout the country. LSI has also failed to allege that U.S. Optics has a highly interactive website that could support general jurisdiction. Because U.S. Optics does not have continuous and systematic contacts which would render it "at home" in Oregon, this court does not have general jurisdiction over U.S. Optics.

II. Specific Jurisdiction

LSI argues that the court has specific jurisdiction over U.S. Optics because the defendant purposefully directed its activities at Oregon. U.S. Optics argues the court lacks specific jurisdiction

because it has not directed activity at Oregon other than cease-and-desist notices, and these are insufficient to establish jurisdiction. On the record before it, the court agrees with U.S. Optics and finds that it does not have specific jurisdiction.

Specific jurisdiction is established when a claim arises from or relates to a defendant's activity in the forum state. *Daimler*, 134 S. Ct. at 754. To determine if it has specific jurisdiction, the court must engage in a two-part analysis. *Breckenridge*, 444 F.3d at 1361. First, the court must examine whether the forum-state's long-arm statute permits service of process.[2] *Id.* Second, the court must examine whether personal jurisdiction meets due process requirements. *Id.* This due process examination involves a three-prong test to ascertain whether: "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Id.* at 1363. While the plaintiff bears the burden of proof on prongs one and two, the burden shifts to the defendant with the third prong, requiring it to show that other circumstances make this jurisdiction unreasonable using a five- factor test. *Breckenridge*, 444 F.3d at 1363; *Coyle*, 340 F.3d at 1350.

Because "Oregon's long-arm statute confers jurisdiction to the extent permitted by due process," *Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F.2d 758, 760 (9th Cir. 1990); *see* OR. R. CIV. P. 4., the court turns directly to the three-prong test to determine if personal jurisdiction would meet due process requirements.

A. *Purposeful Direction*

The central concern for declaratory judgment claims of patent non-infringement and

---

[2] A court acquires personal jurisdiction through valid service of process. *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 880 (Fed. Cir. 1997).

FINDINGS &RECOMMENDATIONS              7                              [AMC]

invalidity is the defendant-patentee's activity in enforcing the patent at issue. *Avocent*, 552 F.3d at 1332. Whether the court has specific jurisdiction depends on the extent to which the defendant-patentee directed its enforcement activities at the forum and to what extent the claim arise from or relates to those enforcement activities. *Id.*

Although they pertain to enforcement, cease-and-desist notices from an out-of-state defendant-patentee to an alleged infringer alone do not create specific jurisdiction. *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998). When a defendant-patentee receives a patent, it obtains the right to exclude all others from making, using, or selling the patented product without its permission. *Avocent*, 552 F.3d at 1335. Thus, it would be unfair and unjust to subject a defendant-patentee to personal jurisdiction in a foreign forum simply because it informed others of its patent rights. *Avocent*, 552 F.3d at 1333; *Red Wing Shoe*, 148 F.3d at 1360-61 ("Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum.") Instead, the defendant must direct "other activities" at the forum, along with issuing cease-and-desist notices, to subject itself to specific jurisdiction. *Autogenomics Inc. v. Oxford Gene Tech., Ltd.*, 566 F.3d 1012, 1019 (Fed. Cir. 2009).

While U.S. Optics issued several cease-and-desist communications, these communications alone are insufficient to establish jurisdiction. LSI offers several additional reasons for why U.S. Optics is subject to Oregon's jurisdiction: (1) its website promoted its products and it shipped products to retailers and customers in Oregon; (2) it has an exclusive distributor in Oregon for its products; and (3) it engaged third-party outside counsel to enforce its patent rights in Oregon. For the following reasons, none of these activities qualify as "other activities" sufficient to establish

specific jurisdiction when combined with cease-and-desist notices.

### 1. Commercialization of Products

As stated above, specific jurisdiction requires that a defendant's activity in the forum state arise from or relate to the defendant's actions so as to "create a substantial connection with the forum [s]tate." *Burger King v. Rudzewicz*, 471 U.S. 462, 473, 475 (1985) (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)) (internal quotation marks omitted). In a patent non-infringement and invalidity suit, a plaintiff's claim arises from the defendant-patentee's enforcement of that patent. *Avocent*, 552 F.3d at 1332. As such, a defendant-patentee's "other activity" that could subject it to a court's jurisdiction must concern the relevant patent's enforcement. *Id.* at 1332, 1334. Ordinary commercialization or sale of products is not "other activity" that would create specific jurisdiction when combined with cease-and-desist notices. *Id.* at 1335. What the defendant-patentee makes, uses, or sells is not relevant to the enforcement of a patent. *Id.*

LSI asserts that U.S. Optics has purposefully availed itself of Oregon's laws by doing business and selling its products. These actions are not "other activities" and are insufficient to confer specific jurisdiction. U.S. Optics's commercialization of its products is irrelevant to the enforcement of the patent at issue, from which the declaratory judgment claim arises. Aa a patent holder, U.S. Optics also reserves the right to inform others about its patent rights without subjecting itself to a foreign forum's jurisdiction.

### 2. Distribution Agreement

In certain circumstances, an exclusive license or distribution agreement will suffice as "other activity" that creates specific jurisdiction. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1459 (Fed. Cir. 1997) ("Entering into an exclusive distributorship agreement authorizing the

distribution of [a business's] trademarked and patented products . . . is sufficiently analogous to entering into a patent license agreement . . . ."). Close examination of the agreement is required to determine whether it creates specific jurisdiction. *Breckenridge*, 444 F.3d at 1366 (determining that an exclusive license agreement established specific jurisdiction when the defendant-patentee granted the licensee "the right to sue for patent infringement with [the defendant-patentee]'s written consent, and the parties agreed to discuss in good faith the appropriate action, if any, with respect to third party infringers of the Licensed Patents, and to cooperate reasonably in any enforcement actions") (internal quotation marks omitted).

To support specific jurisdiction, the exclusive agreement must create a relationship beyond royalty payments. *Id.* Examples of terms in an exclusive agreement that go beyond royalties to sufficiently create specific jurisdiction include: (1) giving the licensee the right to litigate infringement cases, *Breckenridge*, 444 F.3d at 1366-67; *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995); and (2) indemnifying a distributor for liability from any third-party infringement action arising from the distributor's use, sale, or production of the patented item. *Genetic Implant*, 123 F.3d at 1459.

U.S. Optics's use of an exclusive distributor alone is insufficient "other activity" to create specific jurisdiction in combination with cease-and-desist letters. LSI has provided no other information about U.S. Optics's distribution agreement besides the fact that the distributor is an exclusive distributor that sells U.S. Optics's products. While the court must resolve any conflicting statements in the plaintiff's favor, the plaintiff may not rely on unsupported statements to defeat a motion to dismiss. LSI's assertion that U.S. Optics has an exclusive distributor lacks information necessary to establish specific jurisdiction, specifically, that the agreement between U.S. Optics and

its distributor includes more than terms about royalties. It has not shown that the agreement granted the distributor the right to sue for patent infringement on U.S. Optics's behalf or that U.S. Optics agreed to indemnify the distributor for liability from a third-party infringement action. LSI presented evidence of an exclusive distribution agreement only and not of the characteristics cases require for this agreement to serve as a basis for jurisdiction. Therefore, LSI has failed to meet its burden and U.S. Optics's relationship with its regional distributor does not give rise to specific jurisdiction.

### 3. Extra-Judicial Enforcement Efforts

In addition to an exclusive license or distribution agreement, a defendant-patentee's initiation of extra-judicial patent enforcement in the forum may constitute "other activity" that suffices to create specific jurisdiction. *Avocent*, 552 F.3d at 1334.

For extra-judicial enforcement to establish specific jurisdiction, the enforcement efforts must occur in the forum state. *See Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 792 (Fed. Cir. 2011) ("[E]nforcement activities taking place outside the forum state do not give rise to personal jurisdiction in the forum . . . ."). In *Radio Systems*, a New Jersey-based corporation hired New Jersey counsel to inform a Delaware corporation based in Tennessee that it was infringing on the New Jersey corporation's patent. *Id.* at 788. Counsel also contacted the Patent and Trademark Office ("PTO") in Virginia and told the PTO examiner about the client's patent. *Id.* Consequently, the PTO withdrew the Tennessee business's notice of allowance for its alleged infringing patent. *Id.* By making the call to the PTO, counsel's contacts were directed at Virginia, where the PTO was located, rather than at the forum state. *Id.* at 792. Although this was an extra-judicial enforcement activity, the court determined that the contact with the PTO did not give rise to specific jurisdiction because the enforcement activity took place outside the forum. *Id.*

A defendant-patentee's use of outside counsel to enforce its patent can establish specific jurisdiction when the outside counsel is an attorney in the plaintiff's forum state. *See id.* at 790-91(discussing a case in which specific jurisdiction was established when an out-of-state defendant-patentee hired a California attorney to communicate its enforcement rights to a California-based plaintiff). In that instance, the attorney acts as an agent for the defendant-patentee when assisting in the enforcement of its patent rights. *Id.* at 791. These "[c]ommunications between a forum state attorney and the declaratory judgment plaintiff relating to the enforcement . . . of the patent therefore constitute in-state contacts that are attributable to the patentee and relevant to the exercise of personal jurisdiction." *Id.*

LSI argues that U.S. Optics's retention of outside counsel to enforce its patent rights in Oregon constitutes "other activity" that would support specific jurisdiction over U.S. Optics. It cites *Campell Pet Co. v. Miale*, 542 F.3d 879 (Fed. Cir. 2008), to support its argument that U.S. Optics's enlistment of a third party to enforce its patent establishes jurisdiction. *Radio Systems* distinguishes *Campbell Pet*, however, on the grounds that the extra-judicial enforcement activities that established jurisdiction in *Campbell Pet* occurred in the forum state. *Radio Sys.*, 638 F.3d at 791-92.

LSI's allegation alone, again, does not provide enough information to support specific jurisdiction. While LSI asserts that U.S. Optics hired counsel to send its enforcement communications, LSI neglects to identify where this counsel is located.[3] U.S. Optics, however, does identify the lawyer's location — Washington, D.C. Since this fact is uncontroverted, the court can consider it as the court continues to take LSI's allegations as true. Because U.S. Optics's outside

---

[3]U.S. Optics's retention of Oregon counsel for its motion to dismiss is irrelevant because this is not an enforcement effort but, rather, a part of its defense in this action.

counsel is not from Oregon, his enforcement efforts on behalf of U.S. Optics does not constitute "other activity" sufficient to establish jurisdiction.

Because LSI did not meet its burden of showing that U.S. Optics purposefully directed its activities at Oregon sufficient to establish specific jurisdiction, the court does not need to address the second and third prongs of its due process analysis. Dismissal for lack of personal jurisdiction does not apply to the merits but does preclude the plaintiff from litigating these claims in Oregon. *Thomas v. Furness (Pac.) Ltd.*, 171 F.2d 434, 435 (9th Cir. 1948) ("[T]he dismissal of the action . . . should be with prejudice to the commencement of another action in this or any other district within the State of California.").[4]

*Conclusion*

For the reasons stated, the court should GRANT the defendant's motion (Dkt. No. 12) and dismiss plaintiff's complaint without prejudice.

*Scheduling Order*

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due April 22, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is

////

---

[4]The court applies the law of the pertinent regional circuit court, in this case the Ninth Circuit, on questions that are not unique to patent law, are not specific to the Federal Circuit statutory jurisdiction, and do not involve an issue in which most cases go before the Federal Circuit. *Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850, 855-56 (Fed. Cir. 1991); *see L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1530 (Fed. Cir. 1995) (applying Eleventh Circuit law to determine if a court abused its discretion in its dismissal without prejudice).

earlier, the Findings and Recommendations will go under advisement.

DATED this 8th day of April, 2015.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge